# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH PROUT, | : | No. 3:12cv2472 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Chief Magistrate Judge Carlson) |
| GEORGE H. MARGETAS, Public Defender, PTL BEN C. MARTIN, SCOTT MCCABE, LYNN SUNDAY, JOSHUA E. KLEIN, MAGISTERIAL JUDGE RONALD J. HASKILL, MAGISTERIAL JUDGE RICHARD T. THOMAS and COMMONWEALTH OF YORK COUNTY CORPORATION, | : | |
| Defendants | : | |

## **MEMORANDUM**

Before the court for disposition is Chief Magistrate Judge Martin C. Carlson's Report and Recommendation (hereinafter "R&R") (Doc. 15), which proposes that the court dismiss Plaintiff Joseph Prout's amended complaint. Plaintiff Joseph Prout filed timely objections (Doc. 17) to the R&R as well as a motion to amend the complaint and a motion for summary judgment (Docs. 18, 20). For the following reasons, the R&R will be adopted and this case will be dismissed.

**Background**

Plaintiff Joseph Prout (hereinafter "Prout") is an inmate at SCI Laurel Highlands. On December 11, 2012, Prout initiated the instant action with a

pro se complaint filed "In Admiralty." (Doc. 1, Compl.). In this complaint, Prout names as defendants the police officers who arrested him, the public defender who represented him, the assistant district attorneys who prosecuted him, and the judges who presided over his state court criminal case. (Id.) Prout's complaint contains a series of meaningless allegations. For example, he describes himself as a "natural freeborn sovereign individual" who is "not a fictitious corporation entity or surety for any enslegal [sic] entity or public holder, using any fraudulent government created upper case name." (Id. at 1). Prout confusingly contends that the Pennsylvania Criminal Code does not apply to him, and he cites the Uniform Commercial Code ("UCC") and the "International Maritime Trade Laws" as support for his arguments. (Id. at 4).

Along with his complaint, Prout filed a motion for leave to proceed *in forma pauperis*. (Doc. 5, Appl. to Proceed in Forma Pauperis). Chief Magistrate Judge Carlson issued an R&R in January 2013 in which he granted the motion to proceed *in forma pauperis* and recommended that the court dismiss Prout's complaint without prejudice. (Doc. 11, Report & Recommendation dated Jan. 28, 2013). On February 21, 2013, the court adopted the January 2013 R&R and granted Prout twenty days to file an amended complaint. (Doc. 12, Order dated Feb. 21, 2013). Prout filed a

timely amended complaint, and this case was remanded to Judge Carlson for further proceedings (Doc. 13, Am. Compl.; Doc. 14, Order dated March 8, 2013).

Prout's amended complaint also purports to be filed "In Admiralty," and, like Prout's original complaint, contests the validity of the Pennsylvania Criminal Code. (Doc. 13, Am. Compl.). The amended complaint relies upon the UCC, various United States Supreme Court cases and the Pennsylvania Constitution of 1776 for legal support.[1] (Id.) Judge Carlson aptly observed that Prout's amended complaint is largely a rehashing of the claims contained in his original complaint, and that the amended complaint simply "repeats and re-states Prout's legally flawed and factually bankrupt claims that Pennsylvania's entire criminal code is invalid, and that the United States is enduring a 140 year[] covert military occupation which is symbolized by the

---

[1] In 1776, Pennsylvania adopted its first state constitution, "which has been described as the most democratic in America." Pennsylvania Historical & Museum Commission, Pennsylvania Constitution September 28, 1776, http://www.portal.state.pa.us/portal/server.pt/community/documents_from_17 76_-_1865/20424/pa_constitution_of_1776/998585 (last visited June 26, 2013). This constitution contained some controversial elements, and, after the Revolutionary War, it was replaced by a new constitution adopted in 1790. Id. The Commonwealth of Pennsylvania has adopted three constitutions since 1790, the most recent having been adopted in 1968.

gold fringe on the American flag."² (Doc. 15, Report & Recommendation dated Mar. 11, 2013 (hereinafter "Mar. 2013 R&R) at 3).

Judge Carlson issued a second R&R on March 11, 2013, in which he recommends that the court dismiss Prout's amended complaint with prejudice. (Id. at 21-22). Prout has filed timely objections to the R&R. (Doc. 17, Objections to Report to Dismiss). Prout has also filed a motion for leave to file an amended complaint, as well as a motion for summary judgment, (Doc. 18, Mot. to Am. Compl.; Doc. 20, Mot. for Summ. J.), thus bringing this case to its current posture.

**Standard of Review**

In disposing of objections to a magistrate judge's Report and Recommendation, the district court must make a de novo determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

---

² On the basis of the renewed allegations in his amended complaint, Prout also seeks to add the nonexistent entity of the "Commonwealth of York County Corporation" as a defendant. (Doc. 13, Am. Compl.)

4

**Discussion**

The law provides that a court shall screen/review complaints by prisoners who seek relief in a civil action from a government entity, officer, or employee. See 28 U.S.C. § 1915A(a). Upon such review, if a compliant is "frivolous, malicious, or fails to state a claim upon which relief may be granted," the court must dismiss it. 28 U.S.C. § 1915A(b)(1). Section 1915A(b)'s statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted."[3] FED. R. CIV. P. 12(b)(6).

---

[3] When applying the Rule 12(b)(6) standard, all well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (internal quotation marks and citation omitted). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

After conducting a preliminary review of the instant complaint pursuant to 28 U.S.C. § 1915A, Chief Magistrate Judge Carlson recommended that this case be dismissed on the basis that Prout's claims fail to state a claim upon which relief may be granted. (Mar. 2013 R&R at 21-22). Specifically, Judge Carlson found four fatal flaws with Prout's amended complaint. First, the amended complaint does not meet the basic pleading requirements of Rule 8 of the Federal Rules of Civil Procedure because Prout "fails to allege facts that would give rise to a plausible claim for relief."[4] (Id. at 8). Second, granting Prout relief would necessarily interfere with an ongoing state court criminal proceeding, and, in light of important state interests, abstention and dismissal pursuant to <u>Younger v. Harris</u>, 401 U.S. 37 (1971) is appropriate. (Mar. 2013 R&R at 11-14). Third, the amended complaint fails as a matter of law because it seeks to obtain damages for claims of misconduct occurring during a successful criminal prosecution.[5] (Id. at 14-16). Fourth, to the extent

---

[4] Judge Carlson appropriately notes that Prout's pleadings pertain to theories that are devoid of merit. (Mar. 2013 R&R at 11). Judge Carlson observes that Prout's pleadings go beyond failing to meet the minimal requirements necessary to state a cause of action, and that "these pleadings often fail to articulate an intelligible factual narrative thread. Since much of what Prout recites is incomprehensible, we cannot discern what Prout is claiming . . . ." (Id. at 10).

[5] The Third Circuit has noted the following with respect to the legal prerequisite that a criminal proceeding terminate in the civil rights plaintiff's favor:

6

that Prout seeks to hold York County liable, his amended complaint fails to state a claim for municipal liability under Monell v. Department of Social Services, 436 U.S. 658 (1978).  (Mar. 2013 R&R at 16-21).

In his objections to the R&R, Prout continues to advance unintelligible arguments devoid of merit.  Prout reiterates his baseless claims that the Pennsylvania Constitution of 1776 invalidates the criminal code, and he also includes new, similarly strange arguments in his objections.[6]  Prout does not

---

> The Supreme Court has repeatedly noted that 42 U.S.C § 1983 creates a species of tort liability.  Given this close relation between § 1983 and tort liability, the Supreme Court has said that the common law of torts, defining the elements of damages and the prerequisites for their recovery, provides the appropriate starting point for inquiry under § 1983 as well. . . . Looking to the elements of malicious prosecution, the Court held that the inmate's claim could not proceed because one requirement of malicious prosecution is that the prior criminal proceedings must have terminated in the plaintiff's favor, and the inmate in Heck had not successfully challenged his criminal conviction.

Hector v. Watt, 235 F.3d 154, 155-56 (3d Cir. 2000) (internal citations and quotation marks omitted).

[6] Under the heading "Fundamental Miscarriage of Justice," Prout declares, "[t]he accused Joseph Prout: AKA Strawman, whoever filed the complaint is making a claim on me and in the jurisdiction of admiralty you can not make a claim unless you bond your claim."  (Doc. 17, Objections to Report to Dismiss at 7).  Prout also concludes his objections with the following:

> Pursuant to Rule 8 of Federal Rules of Civil Procedure.  I accept the charges for value and consideration.  In return please use my

address the specific findings of the R&R.

The court is not persuaded by Prout's objections, which amount to little more than a resubmitted attack on the validity of the Pennsylvania Criminal Code. Prout fails to meet the basic pleading requirements of the Federal Rules of Civil Procedure, and, even when viewed generously, his request for relief under § 1983 is clearly prohibited by the law. For these reasons, Prout's objections will be overruled and Chief Magistrate Judge Carlson's Report and Recommendation will be adopted. Moreover, the court will deny Prout's motion for summary judgment and motion to amend the complaint as moot.[7]

---

> exemption as principle for post settlement and closure of the account under public policy. [I'm] entitled to discharge of the debt. I am the principle of said Instruments/Bonds. . . .

(Id. at 11).

[7] Even if it were appropriate for the court to consider the merits of Prout's motion to amend his complaint, the court observes that leave to amend the complaint would not be granted because the proposed amendments would be futile. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). Allowing Prout the ability to amend his complaint would be futile because he continues to advance the same unintelligible claims and fails to address any of the fatal flaws identified by Judge Carlson in the R&R.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH PROUT, | : | No. 3:12cv2472 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Chief Magistrate Judge Carlson) |
| GEORGE H. MARGETAS, | : | |
| Public Defender, PTL BEN C. | : | |
| MARTIN, SCOTT MCCABE, | : | |
| LYNN SUNDAY, JOSHUA E. | : | |
| KLEIN, MAGISTERIAL JUDGE | : | |
| RONALD J. HASKILL, | : | |
| MAGISTERIAL JUDGE | : | |
| RICHARD T. THOMAS and | : | |
| COMMONWEALTH OF YORK | : | |
| COUNTY CORPORATION, | : | |
|     Defendants | : | |

## ORDER

**AND NOW**, to wit, this 27th day of June 2013, it is hereby **ORDERED** as follows:

(1) Plaintiff Joseph Prout's Objections (Doc. 17) to the Report and Recommendation are **OVERRULED**;

(2) Chief Magistrate Judge Carlson's Report and Recommendation (Doc. 15) is **ADOPTED**;

(3) Plaintiff Joseph Prout's amended complaint (Doc. 13) is **DISMISSED**;

(4) Plaintiff Joseph Prout's motion to amend the complaint (Doc. 18) and his motion for summary judgment (Doc. 20) are **DENIED AS MOOT**;

(5) The Clerk of Court is directed to **CLOSE** this case; and

9

(6) The court declines to issue a certificate of appealability. A certificate of appealability is not issued unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

**BY THE COURT:**


**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**